**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

John "Jack" D. Wilenchik, #029353
admin@wb-law.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Patrick B. Horsman, an individual,** | Case No. _____ |
| **Plaintiff,** | **DEFENDANT BRETT R. JEFFERSON'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, and 1446** |
| vs. | |
| **Brett R. Jefferson, an individual, and Ian Lev, an individual,** | |
| **Defendants.** | |

Defendant Brett Jefferson ("Defendant Jefferson"), specially appearing for the purpose of filing this motion[1] by and through undersigned counsel, pursuant to 28 U.S.C. § 1332, 1441, and 1446, hereby files this Notice of Removal of this action from the Superior Court of the State of Arizona in and for Maricopa County, to the United States District Court for the District of Arizona, Phoenix Division. As grounds for this removal, Defendant Jefferson states as follows:

---

[1] Defendant Jefferson makes a special appearance so as not to waive any argument relating to lack of personal jurisdiction under Rule 12(b)(2) of the Arizona or Federal Rules of Civil Procedure, which he expects to timely assert, when appropriate, in a motion to dismiss.

1. Plaintiff Patrick B. Horsman commenced this action by filing a Complaint on April 14, 2021 against Defendant Jefferson[2] in the Superior Court of the State of Arizona in and for Maricopa County, Case No. CV2021-006034, which is a state court within this judicial district.

2. In his Complaint, Plaintiff asserts claims against Defendant Jefferson under Arizona state law for Civil RICO, Civil Conspiracy, Intentional Interference with Business Expectancies, Defamation, False Light Invasion of Privacy and Intentional Infliction of Emotional Distress[3] *See* Complaint at ¶¶108-119, 124-157.

3. According to Plaintiff's Complaint, there is complete diversity between the parties. *See* Complaint at ¶¶22 & 24 (alleging, "Plaintiff Patrick Horsman is a resident of San Juan, Puerto Rico" and "Defendant Brett Jefferson is a resident of Fairfield County, Connecticut").[4]

4. Also according to Plaintiff's Complaint, the amount in controversy exceeds $75,000, exclusive of interest and cost. *See* Complaint at ¶29 (alleging, "[t]his is an action for damages that exceed $300,000.00, exclusive of attorneys' fees, costs, and interest.").

5. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> (a)   Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

6. This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, as follows:

---

[2] In this action, Plaintiff also sued as a party-defendant Ian Lev. However, as explained herein *infra* at ¶11 & n.4, Ian Lev has not been properly served and thus does not, and is not required to, consent to or join in this motion.

[3] Plaintiff also asserted claims against Ian Lev for Civil Conspiracy, Aiding and Abetting Civil RICO, and Intentional Interference with Business Expectancies. *See* Complaint at ¶¶120-135.

[4] Plaintiff also alleges in the Complaint that "Defendant Ian Lev is a resident of Maricopa County, Arizona." *See* Complaint at ¶23.

2

(a) The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between --

(1) citizens of different States . . . .

7. The Maricopa County Clerk's record reflects Defendant Jefferson was served on April 16, 2021. (*See* Docket Summary and the Affidavit of Service, attached hereto as **Exhibits A and B, respectively**.) Defendant Jefferson's Notice of Removal is thus timely filed within thirty (30) days. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Defendant Jefferson has not previously sought any similar relief.

8. The United States District Court for the District of Arizona, Phoenix Division, is the court and division embracing the place where this action is pending in state court.

9. True and correct copies of "all process, pleadings, and orders" from the state court served on Defendant Jefferson are attached hereto as **Exhibit B**. *See* 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been served upon Defendant Jefferson to date in this case.

10. A true and correct copy of this Notice of Removal is being provided to Plaintiff, through his counsel of record, and to the Superior Court of the State of Arizona In and For Maricopa County. *See* 28 U.S.C. § 1446(d).

11. Defendant Ian Lev has not been properly joined and served as of the filing of this Notice of Removal.[5] *See* **Exhibit A**.

12. Defendant Jefferson reserves the right to supplement this Notice of Removal and add any jurisdictional defenses to this Notice of Removal which may independently support a basis for removal.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant Jefferson's (or any Defendant's) rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder

---

[5] Accordingly, Defendant Ian Lev does not, and is not required to, consent to or join in this motion. 28 U.S.C. § 1446(b)(2)(A); *see also Murphy Bros., Inc.*, 526 U.S. at 347-48.

of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Rule 12 of the Arizona or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

14. A completed copy of the Civil Cover Sheet and Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction are being filed concurrently herewith.

**WHEREFORE**, Defendant Jefferson asks that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of the State of Arizona in and for Maricopa County, to the United States District Court for the District of Arizona, Phoenix Division.

**RESPECTFULLY SUBMITTED** on May 11, 2021.

**WILENCHIK & BARTNESS, P.C.**

 */s/ John D. Wilenchik*
John "Jack" D. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2021, I electronically transmitted the foregoing document to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter and via email to:

Daniel F. Fredenberg, Esq.
Christopher S. Skinner, Esq.
**FREDENBERG BEAMS**
4747 N. 7th St., Suite 402
Phoenix, AZ 85014
T: (602) 595-9299
dfredenberg@fblegalgroup.com
cskinner@fblegalgroup.com
*Counsel for Plaintiff*

 /s/ Christine M. Ferreira

5