**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Patrick B Horsman,<br><br>            Plaintiff,<br><br>v.<br><br>Brett R Jefferson, et al.,<br><br>           Defendants. | No. CV-21-00841-PHX-SRB<br><br>**ORDER** |

Pending before the Court is Defendant Brett R. Jefferson's Response To Order To Show Cause As To Why This Action Was Properly Removed And Should Not Be Remanded ("Response"). (Doc. 11, ("Resp.").)

**I.    BACKGROUND**

On April 14, 2021, Plaintiff Patrick B. Horsman filed this action in state court naming Brett R. Jefferson and Ian Lev as Defendants. (Doc. 1-3, Compl.) On May 5, 2021, Mr. Jefferson filed a Notice of Removal removing this case to federal court on the basis of diversity jurisdiction. (Doc. 1, Not. of Rem.) At the time of removal, Mr. Horsman had formally served Mr. Jefferson with a copy of the Complaint but not Mr. Lev.[1] (Doc. 1-2, Supp'l Civ. Cover Sheet for Removed Cases at 2.) Mr. Horsman is a citizen of Puerto Rico, Mr. Jefferson is a citizen of Connecticut, and Mr. Lev is a citizen of Arizona.

---

[1] Plaintiffs have 90 days from the filing of the complaint to serve a copy of the complaint on defendants. Ariz. R. Civ. P. 4(i). A defendant who is not served within 90 days must be dismissed from the action unless the plaintiff can show good cause for the failure to serve. *Id.*

(Compl. ¶¶ 22–24.)  On May 13, 2021, the Court ordered Mr. Jefferson to show cause in writing why this case should not be remanded as non-removable pursuant to 28 U.S.C. § 1441(b)(2).  (Doc. 4, 5/13/21 Order at 2.)

Mr. Horsman's alleged failure to formally serve Mr. Lev forms the basis of Mr. Jefferson's arguments in the Response presently before the Court.  Notably, the day before removal—on May 4, 2021—Mr. Lev, represented by counsel, filed a motion in state court requesting an extension of time to file an answer or responsive pleading.  (Doc. 1-3, Ex. 3 at 60.)[2]

On June 1, 2021, Mr. Jefferson filed this Response to the Court's May 13, 2021 Order requesting that the Court refrain from remanding this action. (Resp. at 11.)  On June 9, 2021, Plaintiff filed his Opposition, requesting remand.  (Doc. 13, Pl.'s Opp'n to Resp. ("Opp'n").)

## II.  LEGAL STANDARD & ANALYSIS

The central issue at this juncture is whether Mr. Jefferson's removal was proper. "There is a strong presumption against removal jurisdiction." *Hofer v. Am. Airlines Inc.*, No. CV-21-00301-PHX-DWL, 2021 WL 842136, at *1 (D. Ariz. Mar. 5, 2021) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

Mr. Jefferson removed based on diversity jurisdiction.  (Resp. at 1.)  "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  "[T]he question [of] whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

Mr. Lev is a citizen of Arizona.  (Compl. ¶ 23.)  Whether removal of this case was

---

[2] In that motion, Mr. Lev stated: "Defendant Lev was served on or about April 29, 2021." (*Id.* at 61.)  However, Mr. Jefferson's counsel states that this was a mistake by him. (Resp. at 9.)  Because the parties agree that Mr. Lev was not personally served with a copy of the Complaint, the Court disregards this statement.

proper turns on whether Mr. Lev had been served[3] under Arizona law prior to removal. If so, then removal was improper under § 1441(b)(2) because Mr. Lev is a citizen of the forum state.

The Arizona Supreme Court has recognized that "[i]t is a rule of ancient and universal application that a general appearance by a party who has not been properly served has exactly the same effect as a proper, timely and valid service of process." *Montano v. Scottsdale Baptist Hosp., Inc.*, 581 P.2d 682, 686 (Ariz. 1978). "A party has made a general appearance when he has taken any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court." *Kline v. Kline*, 212 P.3d 902, 907 (Ariz. Ct. App. 2009) (citing *State ex rel. Dep't of Econ. Sec. v. Burton*, 66 P.3d 70, 72 (Ariz. Ct. App. 2003)); *see Tarr v. Superior Ct. In & For Pima Cnty.*, 690 P.2d 68, 70 (Ariz. 1984) (same). In Arizona, a general appearance has "the same force and effect as if a summons had been issued and served." Ariz. R. Civ. P. 4(f)(4). This is because "the purpose of process is to give the party to whom it is addressed *actual notice* of the proceedings against him, and that he is answerable to the claim of the plaintiff." *Scott v. G.A.C. Fin. Corp.*, 486 P.2d 786, 787 (Ariz. 1971) (emphasis added). "It is this notice[,]" the Arizona Supreme Court has explained, that "gives the Court jurisdiction to proceed." *Id.*

Mr. Lev made a general appearance in state court on May 4, 2021 when he moved for an extension of time to file an answer to Mr. Horsman's Complaint. This indicates he had actual notice of this case and of Mr. Horsman's claims. In Arizona, such circumstances are accorded "the force and effect" of proper service. *See* Ariz. R. Civ. P. 4(f). The Court finds that Mr. Lev was "served" for purposes of this Order. Because Mr. Lev was properly joined and served under Arizona law, and is a resident of Arizona, the Court must remand this case. 28 U.S.C. § 1441(b)(2) (prohibiting removal where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought[]"); *accord Ibarra v. Protective Life Ins. Co.*, No. CV-09-049-TUC-CKJ, 2009 WL 1651292, at *4 (D. Ariz. June 12, 2009) (remanding case pursuant to § 1441(b)(2)

---

[3] There is no dispute that Mr. Lev is properly joined to this action.

because even though diversity requirements were met and home-state defendant was not formally served at time of removal, home-state defendant had notice of action prior to removal).

Mr. Jefferson asserts that Arizona law recognizes a general appearance only where an answer or other responsive pleading is filed. (Resp. at 8–10.) But each Arizona case cited for support states simply that the filing of an answer or responsive pleading *is sufficient* to constitute a general appearance—not that any other type of filing or appearance is *insufficient*. (*See id.*) Arizona's rule that taking "any action" before the court suffices to constitute a general appearance has one exception—when a party enters a special appearance to contest personal jurisdiction. *See Tarr*, 690 P.2d at 70; *Kline*, 212 P.3d at 907. Contesting personal jurisdiction was not the nature of Mr. Lev's May 4 appearance. (*See* Doc. 1-3, Ex. 3 at 60–63.) Mr. Jefferson's assertion that Arizona law does not recognize a general appearance upon any action short of filing a responsive pleading is simply incorrect. *See Skates v. Stockton*, 683 P.2d 304, 306 (Ariz. Ct. App. 1984) (finding that defendant's informal letter requesting stay constitutes general appearance).

Mr. Jefferson cites a litany of cases—most of them out-of-circuit—as instances where courts have declined to remand even though an unserved home-state defendant was included in the action. (*See* Resp. at 5–8.) But in each of these cases, the home-state defendant had not been served under applicable state law. (*See id.*) In this case, the Court, applying Arizona law, has found that Mr. Lev's May 4 appearance had "the same force and effect as if a summons had been issued and served"—in other words, that he was "served" under Arizona law at the time of removal. *See* Ariz. R. Civ. P. 4(f)(4). This crucial distinction renders those cases unpersuasive.

### III. ATTORNEYS' FEES & COSTS

Mr. Horsman requests an award of all attorneys' fees and costs incurred as a result of Mr. Jefferson's improper removal pursuant to 28 U.S.C. § 1447(c). Section 1447(c) permits an order remanding a case to also award attorneys' fees and costs incurred as a result of the removal. The Court, in its discretion, declines to issue such an award here.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Mr. Jefferson's request to refrain from remanding this case and will remand this case for a lack of jurisdiction.

**IT IS ORDERED** denying Defendant Brett R. Jefferson's Response to Order to Show Cause As To Why This Action Was Properly Removed And Should Not Be Remanded (Doc. 11).

**IT IS FURTHER ORDERED** that this case be remanded to the Superior Court of Arizona in Maricopa County.

Dated this 27th day of July, 2021.

_____
Susan R. Bolton
United States District Judge